UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMANDA ARROYO<br>c/o her attorneys Tittle & Perlmuter<br>2012 West 25th Street, Ste. 716<br>Cleveland, OH 44113<br><br>On behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>WESLEYAN VILLAGE, LLC<br>c/o Statutory Agent Dinsmore Agent Co.<br>191 W. Nationwide Blvd., Suite 300<br>Columbus, OH 43215<br><br>and<br><br>LIFE CARE SERVICES, LLC<br>c/o Statutory Agent Cogency Global, Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>and<br><br>NORTHWOOD HEALTHCARE GROUP LLC<br>c/o Statutory Agent Cogency Global, Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>        Defendants. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Amanda Arroyo, by and through counsel, respectfully files this Class and Collective Action Complaint against Defendants Wesleyan Village, LLC and Life Care Services, LLC. Plaintiff alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-2019, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and the Ohio Prompt Pay Act § 4113.15.

2. Plaintiff brings this case as a FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R Civ P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio law (the "Ohio Class").

## JURISDICTION & VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Amanda Arroyo was a citizen of the United States and a resident of Lorain County, Ohio.

8. At all times relevant, Defendant Wesleyan Village, LLC was and is an Ohio corporation that owned and operates its business, a senior living community known as "Wesleyan Village," at 807 West Avenue, Elyria, Lorain County, Ohio. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Dinsmore Agent Co., 191 W. Nationwide Blvd., Ste. 300, Columbus, Ohio 43215.

9. Defendant Life Care Services, LLC ("LCS") is an Iowa corporation that managed certain day-to-day operations at Wesleyan Village under a management contract with Wesleyan Village, LLC, from early 2017 through approximately July 4, 2019. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Cogency Global, Inc., 3958-D Brown Park Drive, Hilliard, OH 43026.

10. Defendant Northwood Healthcare Group LLC ("Northwood") is an Ohio corporation that managed certain day-to-day operations at Wesleyan Village under a

management contract with Wesleyan Village, LLC, from approximately July 4, 2019. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Cogency Global, Inc., 3958-D Brown Park Drive, Hilliard, OH 43026.

## FACTUAL ALLEGATIONS

### Defendants' Business and Employment of Plaintiff, the Potential Opt-Ins, the Ohio Class Members

11. Wesleyan Village is a senior living community/campus situated on 17 acres in Elyria that offers assisted and independent living, long term care, skilled nursing services, memory care, and rehabilitation services.

12. Plaintiff Amanda Arroyo works as a state tested nursing assistant at Wesleyan Village and has so since March 2016. Throughout her tenure there, she has worked in all of the various units on the Wesleyan Village campus.

13. Defendants employ Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class as non-exempt employees in its facilities.

14. Defendant Wesleyan Village, LLC is the W-2 employer of Plaintiff, the Potential Opt-Ins, and the members of the Ohio Class and also entered into a collective bargaining agreement which dictated many of the terms and conditions of the employment of Plaintiff, the Potential Opt-Ins, and the members of the Ohio Class, including working hours and certain aspects of compensation, such as overtime pay.

15. Upon information and belief, Defendants LCS and Northwood also had substantial control over the terms of the employment of Plaintiff, the Potential Opt-Ins,

and the members of the Ohio Class, including hiring and firing authority, scheduling of employees, setting and running payroll, and calculating employee pay rates.

16. Plaintiff Amanda Arroyo began working for Defendant in March 2016 as an STNA in the rehabilitation wing. She currently stationed in the long-term care unit, and, over the course of her employment, Plaintiff has also worked in both memory units and in the long-term care unit.

17. Defendants are "employers" pursuant to 29 U.S.C. § 203(d) in that they are "person[s] [who] act[ed] directly or indirectly in the interest of an employer in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

18. Between April 1, 2017 and July 4, 2019, Wesleyan Village, LLC and LCS made joint decisions and jointly participated in making decisions, regarding the compensation of Wesleyan Village, LLC employees.

19. From July 4, 2019 to the present, Wesleyan Village, LLC and Northwood made joint decisions and jointly participated in making decisions, regarding the compensation of Wesleyan Village, LLC employees.

20. Department of Labor regulations provide that employees may work simultaneously for two or more "joint employers." 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id.*

21. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

22. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendant's Failure to Pay Required Compensation

23. The FLSA and Ohio law require covered employers to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

24. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were members of the SEIU 1199 Health Care and Social Service Union. All were non-exempt from overtime pay under 29 U.S.C. § 207 and Ohio Rev. Code Ann. § 4111.03, and various aspects of their pay was governed by the collective bargaining agreement between their union and Wesleyan Village, LLC, and

25. Section 7(j) of the FLSA permits hospitals and residential care establishments to utilize a fixed work period of fourteen consecutive days in lieu of the forty-hour work week for the purposes of computing overtime. This eight-and-eighty overtime system permits employers who utilize this system to pay time and one-half the "regular rate" for all hours worked over eight in any workday and eighty hours in the fourteen-day period. 29 U.S.C. § 207(j); 29 C.F.R. 778.601. Pursuant to a collective bargaining agreement between Wesleyan Village, LLC and the SEIU 1199 Health Care

and Social Service Union, Wesleyan Village utilized the eight-and-eighty overtime system for most or all non-exempt employees including Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class.

26. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class frequently worked more than eight hours in a single workday and/or more than eighty hours in a fourteen-day period, entitling them to overtime compensation under the FLSA and Ohio law.

27. Unless excludable under 29 U.S.C. § 207(e), employers must include "all renumeration for employment paid to, or on behalf of, the employee" in calculating an employee's regular rate of pay.

28. Defendants regularly and systematically failed to include all forms of compensation in calculating the regular rate of pay and calculate overtime premiums for Plaintiff, the Potential Opt-Ins, and the Ohio Class members.

29. Defendants' practice of miscalculating employees' regular rate of pay had the effect of circumventing proper overtime compensation, and is provable, as shown below in Paragraphs 35 through 37, by examining the affected employees' payroll records and data.

**Defendants Unlawfully Calculated Overtime Premiums Using a 'Regular Rate' Failed to Account for all Non-Excludable Forms of Compensation**

30. At all times relevant, the Plaintiff, the Potential Opt-Ins, and the Ohio Class members received various types of compensation for their work, many of which were dictated by the collective bargaining agreement between Wesleyan Village, LLC and the SEIU 1199 Health Care and Social Service Union.

31. Those types of compensation included, but were not limited to:

(a) A base hourly wage;

(b) A stipend in lieu of health insurance for those employees opting-out of company-sponsored coverage;

(c) An evening shift differential in the amount of $1.00 extra per hour during specified hours; and

(d) Bonuses for picking up certain extra shifts.

32. All of the types of compensation listed in Paragraph 31 must be included in calculating an employee's "regular rate of pay." Defendants' engaged in a pattern, practice, or policy of violating the FLSA with respect to Plaintiff by failing to include one of more of these forms of payment in calculating Plaintiff's regular rate of pay under 29 U.S.C. § 207 and O.R.C. § 4111.03.

33. When utilizing the two-week period for calculating overtime authorized by 29 U.S.C. § 207(j), the two-week period is "used in lieu of the workweek in computing the regular rate of pay of employees to whom it applies." 29 C.F.R. § 778.601(e).

34. Defendants regularly and systematically failed to include all non-excludable compensation in determining the regular rate of pay of Plaintiff, the Potential Opt-Ins, and the Ohio Class members.

35. Plaintiff's time sheets and pay stubs illustrate this practice. By way of example, her pay advice dated March 15, 2019 shows a base hourly wage of $13.45, plus non-excludable remuneration consisting of non-discretionary bonuses and cash in lieu of benefits totaling $223.08 for that pay period. Her overtime rate, however, was paid at

only one-and-one-half her base wage of $13.45 per hour, resulting in an underpayment of $34.77 for that period:



36. Plaintiff's pay advice dated August 30, 2019 reflects a paid overtime rate of $20.175 — one and one-half times her base hourly rate of $13.45 – despite $170.10 in non-excludable compensation in excess of that base rate, resulting in an overtime underpayment of $94.97 for that pay period:

```
WESLEYAN VILLAGE, LLC
807 WEST AVENUE ELYRIA, OH 44035                                      6-15/410
                              PAYROLL ACCOUNT
  02051         6020.0000    154312                08/30/19      $.00
  Check No.  Co. I.D  Department  I.D. Number  Social Security Number  Pay Date  Net Pay
  Pay This Amount
  *** VOID *** VOID *** VOID *** VOID *** VOID ***
  The Huntington National Bank

  PAY
  To The   ARROYO, AMANDA
  Order    1239 SHAFFER DR.  APT 17                       **VOID**   **VOID**
  Of       LORAIN, OH 44053


WESLEYAN VILLAGE, LLC
807 WEST AVENUE ELYRIA, OH 44035       PAYROLL STUB        Telephone Number: 0
  Check Number  Period End   Name                I.D. No.  Rate/Salary  Department  Deps  Res
  02051         08/24/19   ARROYO, AMANDA        154312    13.4500      6020.0000   S 9   Y
  DESCRIPTION   HOURS     RATE     EARNINGS           ADDITIONS/DEDUCTIONS THIS PAY
  REG           63.25     13.4500   850.71      UN COPN    5.00   UD P   N     21.63
  O.T.          37.50     20.1750   756.56      DD-CHKN 1719.26   ADJ$   T    107.60
  PTO           24.00     13.4500   322.80      MEAL DN   43.87
  EVE DIF       62.50      1.0000    62.50
                                                VAC BAL  -48.00

  THIS PAY  2100.17    52.56     49.94     47.25    130.21    30.45    0.00    1719.26
            GROSS    FEDERAL    STATE     CITY      FICA   MEDICARE TAX DIS-SUI
  YR TO DATE 7908.20  171.11   182.66    177.93    490.30   114.67    0.00     NET THIS PAY
  Software by Reliable Health Systems, Inc.
```

37. Plaintiff's pay advice dated February 28, 2020 likewise reflects a paid overtime rate of $20.175 — one and one-half times her base hourly rate of $13.45 – despite $258.00 in non-excludable compensation in excess of that base rate, resulting in an overtime underpayment of $99.96 for that pay period:

```
WESLEYAN VILLAGE, LLC
807 WEST AVENUE ELYRIA, OH 44035                                      6-15/410
                              PAYROLL ACCOUNT
  04963         6020.0000    154312                02/28/20      $.00
  Check No.  Co. I.D  Department  I.D. Number  Social Security Number  Pay Date  Net Pay
  Pay This Amount
  *** VOID *** VOID *** VOID *** VOID *** VOID ***
  The Huntington National Bank

  PAY
  To The   ARROYO, AMANDA
  Order    1239 SHAFFER DR.  APT 17                       **VOID**   **VOID**
  Of       LORAIN, OH 44053


WESLEYAN VILLAGE, LLC
807 WEST AVENUE ELYRIA, OH 44035       PAYROLL STUB        Telephone Number: 0
  Check Number  Period End   Name                I.D. No.  Rate/Salary  Department  Deps  Res
  04963         02/22/20   ARROYO, AMANDA        154312    13.4500      6020.0000   S 9   Y
  DESCRIPTION   HOURS     RATE     EARNINGS           ADDITIONS/DEDUCTIONS THIS PAY
  REG           50.25     13.4500   675.86      UN COPN    5.00   UD P   N     13.73
  O.T.          17.50     20.1750   353.06      DD-CHKN 1206.54   ADJ$   T    250.00
  SICK          07.50     13.4500   100.88
  EVE DIF       08.00      1.0000     8.00
                                                VAC BAL   19.55

  THIS PAY  1387.80     0.00     25.13     31.23     86.05    20.12    0.00    1206.54
            GROSS    FEDERAL    STATE     CITY      FICA   MEDICARE TAX DIS-SUI
  YR TO DATE 5190.20    0.00    71.75    116.79    321.79    75.26    0.00     NET THIS PAY
  Software by Reliable Health Systems, Inc.
```

**Defendants Acted Willfully or With Reckless Disregard**

38. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to overtime compensation at one and one-half times their regular rate under federal and state law or acted in reckless disregard for whether they were so entitled.

39. Defendants were aware or should have been aware that federal and state law required them to include the above-referenced stipends, non-discretionary bonuses, and shift differentials in Plaintiff, the Potential Opt-Ins, and the Ohio Class Members' regular rate of pay and to calculate overtime premiums accordingly.

40. Defendants' are liable under the FLSA and Ohio law for failing to properly compensate Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

**COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All current and former non-exempt employees of Defendants during the three years preceding the commencement of this action to the present who worked overtime hours in any pay period and received remuneration in excess of their base hourly rate.

43. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that they were all subject to Defendants' unlawful pay practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorney's fees, and costs.

44. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in." Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

45. Plaintiff cannot yet state the exact number of similarly situated persons, but upon information and belief, there are over one hundred such persons.  Such persons are readily identifiable through the records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All current and former non-exempt employees of Defendants during the three years preceding the commencement of this action to the present who worked overtime hours in any pay period and received remuneration in excess of their base hourly rate.

48. The Ohio Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons. The number of Class Members as well as their identities are ascertainable from records Defendants

has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

49. There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid Plaintiff and other Class Members at time-and-a-half their regular rate of pay for all overtime hours and whether Defendants did so willfully.

50. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

51. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

52. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual class members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself, Potential Opt-Ins, and Ohio Class Members who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

56. The FLSA required Defendants to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek, or, in the alternative, for all hours worked over eight in any workday and eighty hours in the fourteen-day period. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117 & 778.601.

57. As more fully described above, Defendants improperly excluded several forms of compensation from the "regular rate," circumventing proper overtime compensation to Plaintiff, the Potential Opt-Ins, and Ohio Class Members for all hours worked in excess of forty hours in a workweek or, in the alternative, for all hours worked over eight in any workday and eighty hours in the fourteen-day period.. 29 U.S.C. § 207(e); 29 C.F.R. 778.201 – 778.224.

58. By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

59. As a result of Defendants' violations of the FLSA, Plaintiff, the Potential Opt-Ins, and Ohio Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

60. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

62. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

63. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay proper overtime compensation to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members at one and one-half times their regular rate.

64. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

65. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Prompt Pay Act Violations)

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

68. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FOUR
### (Declaratory Judgment)

69.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70.     Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

71.     Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, Plaintiff and other class members have a justiciable controversy with Defendants.

72.     A declaratory judgment will aid in determining the rights and obligations of the parties.

73.     Plaintiff asks the Court to declare, among other appropriate declarations, that Defendants' practice of paying overtime compensation to Plaintiff and other class members at rates below one and one-half times their regular rate violates the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.  Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.  Award declaratory relief in favor of Plaintiff and other class

    members as herein requested;

E.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

F.    Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

    Respectfully submitted,

    s/ Scott D. Perlmuter
    Scott D. Perlmuter (0082856)
    Allen C. Tittle (0086590)
    2012 West 25th Street, Suite 716
    Cleveland, OH  44113
    216-285-9991
    Fax: 888-604-9299
    scott@tittlelawfirm.com
    tittle@tittlelawfirm.com

    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    s/ Scott D. Perlmuter
    Scott D. Perlmuter (0082856)