UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMANDA ARROYO<br>On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>WESLEYAN VILLAGE, LLC, et al.,<br><br>Defendants. | CASE NO. 1:20-cv-00866<br><br>JUDGE CHRISTOPHER BOYKO<br><br><br><br>**FINAL ORDER AND**<br><br>**JUDGMENT** |

Plaintiff Amanda Arroyo and Defendants Wesleyan Village, LLC, Life Care Services, LLC, and Northwood Healthcare Group, LLC have jointly moved the Court for approval of a collective and class action settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23. Having reviewed the parties' motion and exhibits, having heard the argument of the parties, and for good cause established, the Court enters this Final Order and Judgment as follows:

1. Plaintiff Arroyo filed a Class and Collective Action Complaint against Defendants (ECF #1) on April 22, 2020. Plaintiff alleged that she and other similarly-situated employees were underpaid for hourly wages and/or overtime compensation. Defendants denied those claims.

2. On June 22, 2020, Plaintiff and Defendants Wesleyan Village, LLC and Life Care Services, LLC moved the Court for a stay of this case so that they could participate in an informal discovery exchange and go to mediation (ECF #5). On August 11, 2020, Defendant Northwood Healthcare Group, LLC requested that the stay Order be extended

to apply to the claims against it as well, and the Court granted that request on September 23, 2020 (ECF #15, 16).

3. The parties scheduled a private mediation for September 28, 2020. Before the mediation, each of the Defendants produced time and pay records purporting to cover all non-exempt employees during the period January 1, 2017 to April 30, 2020.

4. The parties failed to reach a settlement at mediation but, over the next several months, continued to discuss a settlement, and continued to exchange information necessary to analyze damages and the proper scope of the putative class. On May 5, 2021, the parties filed a Stipulated Protective Order (ECF #23) to permit the confidential exchange of the balance of necessary records. That Protective Order was entered on May 11, 2021 (ECF #25).

5. With the production of those additional records, the parties concluded their negotiations and reached an agreement for the settlement of this case.

6. On January 10, 2022, the parties filed a Joint Motion for Preliminary Approval of Class and Collective Settlement (ECF #30). On January 25, 2022, this Court order the parties to show cause why the parties' proposed collective action settlement should not be rejected by the Court for failure to comport with the FLSA's modest factual showing, "written consent" and "filed with the Court" requirements (ECF #31).

7. On February 3, 2022, in response to this Court's Show Cause Order, the parties filed an Amended Joint Motion for Preliminary Approval of Class and Collective Settlement (ECF #32).

8. On August 24, 2022, this Court granted in part and denied in part the parties' Amended Joint Motion. The parties proposed Rule 23 settlement was preliminarily approved pending final hearing. However, the parties' proposed FLSA settlement was denied on the basis that opt-ins would not be consenting to participate in the proposed settlement until after the Court granted final approval (ECF #34).

9. On November 7, 2022, the parties filed a Supplemental Motion for Approval of Collective Action Settlement and Modification of Class Action Settlement (ECF #38). That filing rectified the flaws in the proposed FLSA settlement raised in the Court's August 24, 2022 Order, and, because the FLSA settlement as proposed in the November 7, 2022 filing affected the proceeds payable to the Rule 23 Class, the parties' November 7, 2022 Supplemental Motion also requested modification of the approval of the Rule 23 settlement.

10. On February 14, 2023, this Court granted the parties' Supplemental Motion for Approval of Class and Collective Action Settlement (ECF #39), granting preliminary approval of the class and collective action settlements, certifying the proposed Settlement Class pursuant to Fed. R. Civ. P. 23, approving notice to Potential Opt-Ins and Settlement Class Members, and scheduling a Fairness Hearing on May 4, 2023.

11. On April 28, 2023, Plaintiff filed Declarations of her counsel and the settlement administrator regarding notice. The Declarations certified that the Notice was distributed to Settlement Class Members as ordered by the Court. The report further informed the Court that no Settlement Class Member requested exclusion from the Settlement Class or submitted an objection to the settlement.

12. The Court finds that Notice given to Settlement Class Members was reasonable and the best notice practicable, satisfying the requirements of Fed. R. Civ. P. 23(c)(2) and (e) and due process. No Settlement Class Member has objected to the settlement or requested exclusion. Moreover, 113 of 296 Settlement Class Members affirmatively consented to participate in the parties' FLSA settlement.

13. On May 4, 2023, the Court convened a hearing, heard presentations by the parties in support of the proposed settlement.

14. At the hearing, the parties informed the Court that they believe the settlement appropriately balances the expenses, risks, and possible outcomes of protracted litigation. For the Plaintiff, Opt-Ins, and Settlement Class Members, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all persons believed to have been affected by the alleged pay practices.

15. The Settlement will resolve disputed claims between the parties in two ways. One, the settlement will resolve the FLSA claims of Plaintiff Arroyo and similarly-situated employees who consent to become parties to the case and settlement pursuant to 29 U.S.C. § 216(b). Second, for all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e), the settlement will resolve state-law wage-and-hour claims alleged by Plaintiff based upon the factual predicate asserted in her Complaint.

16. The Settlement makes fair and reasonable settlement payments available to the Plaintiff, Opt-Ins, and Settlement Class Members and the proposed method of allocating the net settlement proceeds is reasonable and fair to all. The net proceeds will

4

be allocated to the Plaintiff, Opt-Ins, and Settlement Class Members in proportion to their estimated unpaid wages between January 1, 2017 and April 30, 2020 based on Defendants' time and pay records. Thirty-five percent of the net settlement proceeds will be paid to the Plaintiff and Opt-Ins in settlement of their FLSA claims. The remaining sixty-five percent will be paid to all Settlement Class Members in settlement of their state-law wage and hour claims.

17. As to the Plaintiff and Opt-Ins, the Court finds that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

18. The Court previously certified the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

19. As the Court previously held, the Settlement Class satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013).

20. The Court finds that the settlement is fair, reasonable, and adequate for Settlement Class Members and qualifies for approval pursuant to Fed. R. Civ. P. 23(e). The Court approves the Settlement pursuant to Fed. R. Civ. P. 23(e) and orders that it be implemented according to its terms and conditions and as directed herein.

21. The Court finds that the Total Settlement Amount and the proposed distributions to the Plaintiff and Settlement Class Members are fair and reasonable. The Court approves the distributions and orders that they be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

22. The Court approves the proposed service award to Plaintiff Amanda Arroyo and orders that the payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

23. The Court approves the proposed attorneys' fees and litigation costs provided in the Settlement Agreement and orders that payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

24. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

25. As requested by the parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

　　　　　　　　　　　　　　　　IT IS SO ORDERED:

　　　　　　　　　　　　　　　　/s/Christopher A. Boyko
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　United States District Judge

　　　　　　　　　　　　　　　　Date: 5/4/2023